UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHESTER DIGIROLAMO, | Case No. 16-cv-06946-LB |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

Plaintiff's counsel moved to withdraw, and the court had a hearing on December 14, 2019.[1] The court ordered the plaintiff to appear in person at the hearing.[2] The plaintiff did not appear or respond to the court's order (except through counsel, as set forth below). The court granted the motion to withdraw.[3] The court set a new hearing for January 17, 2019 at 9:30 a.m., orders the plaintiff to file a written update by January 10, 2019, and warns him that if he does not file the

---

[1] Mot. – ECF No.52; Minute Entry – ECF No. 58. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 54.

[3] Order – ECF No. 61.

ORDER – No. 16-cv-06946-LB

update or appear on January 17, 2019, the court may dismiss his case based on his failure to prosecute it.

## STATEMENT

The court's separate order granting plaintiff's counsel's motion to withdraw details the difficulties that plaintiff's counsel had communicating with his client.[4] Based on those difficulties, the plaintiff's counsel moved to withdraw.[5] The court set a hearing on December 14, 2018 and directed the plaintiff to appear in person.[6] The plaintiff did not appear.[7] His withdrawing counsel said that the plaintiff intended to attend the hearing, could not because he had just been released from the hospital, and intended to hire new counsel. The court set a hearing and a status conference on January 17, 2019 at 9:30 a.m.[8]

## GOVERNING LAW

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* at 524 (citing *States Steamship Co. v. Phil. Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when

---

[4] Order – ECF No. 61.
[5] Mot. – ECF No. 52.
[6] Order – ECF No. 54.
[7] Minute Entry – ECF No. 58.
[8] *Id.*

determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in a Federal Rule of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))). "We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal.'" *Id.* (citing *Hernandez*, 138 F.3d at 399) (internal citation omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (internal citation omitted). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[9]

---

[9] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Conn. Gen.*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Id.* (quoting *Valley Eng'rs*, 158 F.3d at 1057).

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.* "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132–33 (9th Cir. 1988)). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133 (collecting cases)).

## ORDER TO SHOW CAUSE AND NOTICE OF CONSEQUENCES

The court orders the plaintiff to file an update by January 10, 2019 and to appear in person or through new counsel on January 17, 2019, at 9:30 a.m. If an in-person appearance is too strenuous because of his health issues, he may arrange a telephone appearance by calling 415-522-3140 or emailing lbcrd@cand.uscourts.gov no later than January 10, 2019. The plaintiff must participate in his litigation, even if he is not able to hire a lawyer. If he does not, he risks sanctions, including monetary penalties or dismissing his case for failure to prosecute.

## NOTICE REGARDING COURT RESOURCES

Because the plaintiff now is representing himself in this case, the court issues this notice to about legal resources that are available to *pro se* litigants. First, the court attaches a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. Second, a *pro se* litigant can seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the

United States District Court
Northern District of California

Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, a *pro se* litigant can speak with an attorney who may be able to provide basic legal help but not representation. A copy of the Legal Help Center's flyer is attached.

## CONCLUSION

The court orders the plaintiff to file an update about the status of his case (including his efforts to obtain new counsel) by January 10, 2019. The court orders the plaintiff to appear in person or through counsel at a further hearing and status conference on January 17, 2019, at 9:30 a.m., at 450 Golden Gate Avenue, 15th Floor, Courtroom B, San Francisco, California. If he does not, the court warns the plaintiff that he faces sanctions, including monetary sanctions and, ultimately dismissal of his case for his failure to prosecute it, and entry of judgment in favor of the defendant.

Under Civil Local Rule 11-5(b), withdrawing counsel must send all filings in the case — including a copy of this order — to the plaintiff until substitute counsel appears or the plaintiff appears *pro se*. Plaintiff's counsel must document that service by filing a proof of service.

**IT IS SO ORDERED.**

Dated: December 14, 2018

_____
LAUREL BEELER
United States Magistrate Judge